The judgment of the court was pronounced by
Rost, J.
Bichard Began made a will by which he instituted Margaret and William, Began, two orphan children of one of his brothers, who were then under his care, his heirs. The testator then goes on to say, that he be *147 queathes to them the sum of three thousand dollars, to be allowed to remain, as it was then, in the hands of Ur. John C. Jenkins, at an interest of ten per cent per annum ; the interest to be applied to their maintenance and education. He further bequeathed three hundred dollars, out of a particular fund, for charitable purposes, and directed the executors named to dispose of his property as above directed. Between the date of his will and that of his death, he acquired a considerable amount of property,- which the executor and curator, and the attorney of absent heirs allege, did not pass under the will, and has been inherited by the collateral relations of the testator, he having left neither ascendants nor descendants.
This action has been instituted by the tutor of the legatees, for the purpose of testing that question; the prayer of the petition is, that the executor be compelled to account to the plaintiff, and to delivei to him all the property left by the testator at the time of his death. The heirs at law all reside out of the State, and appear in these proceedings by the curator and the attorney appointed to represent them. There was judgment in favor of the plaintiff, and the defendants appealed.
Under the authority of the case of Shane and Withers v. Withers' Legatees, 8 L. R. 496, and Clark and others v. Preston, executor, we are of opinion, that the words of the will, “I hereby constitute the children of my brother William Gegan, my heirs,” and the directions given to the executor, to dispose of his property in the manner provided by the will, sufficiently show that he did not intend to die intestate, for any portion of his property, and that the mention of the principal object of which it consisted at that time cannot be construed so as to restrain the institution of heirs, made in general terms. Ward on Legacies, p. 214, and cases cited.
The evidence of the acts and declarations of the testator, which have been received without objection places beyond all doubt his intention to give to his nephew and niece all the property of which he should die possessed, with the exception of the particular legacy mentioned in the will.
Judgment affirmed, with costs.